## NÚÑEZ ET AL., APELANTES, *v.* HEREDEROS DE RIVERA ET AL., APELADOS.

## APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 914.—Resuelto en junio 17, 1913.

ALEGACIONES—PRESCRIPCIÓN—BUENA FE—PRESUNCIÓN.—Cuando un demandante admite en su demanda que el demandado o sus causantes adquirieron con justo título la finca en litigio y que ha transcurrido el tiempo necesario para adquirir el dominio por prescripción ordinaria, como la buena fe se presume siempre, es necesario para destruir el título del demandado si se plantea la cuestión de prescripción ordinaria, que el demandante alegue y pruebe la mala fe por parte del demandado.

PRUEBAS—DOCUMENTOS DE MÁS DE 30 AÑOS.—En el caso de autos, entre el otorgamiento de la escritura de traspaso de la finca en litigio por Manuel Saturnino Rivera a favor de María Engracia Náter y el comienzo de esta acción, han transcurrido más de 40 años, y de acuerdo con el párrafo 33 del artículo 102 de la Ley de Evidencia de marzo 9, 1905, dicho documento es auténtico y se resolvió, entre otras cosas, que los demandados demostraron que el título que tienen a la finca en litigio es bueno y que no fué destruído por la prueba de la parte demandante.

ID.—DOCUMENTOS DE MÁS DE 30 AÑOS—TÍTULO.—La manifestación hecha en un documento de más de 30 años en el sentido de que el causante de los demandantes vendió al causante de los demandados determinada finca, es prueba suficiente *prima facie* del título de dicha finca a favor de los demandados.

PRESCRIPCIÓN—MALA FE DEL CAUSANTE—POSESIÓN POR MÁS DE DIEZ AÑOS.— A un poseedor con buena fe y justo título por más de 10 años no se le puede imputar la mala fe de su causante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogados de los apelados Belén, Herminio y Mercedes Padial e Isabel Núñez: *Sr. A. Sarmiento.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

La sentencia dictada en este caso debe ser confirmada principalmente por el fundamento de que la acción ha prescrito a favor de la demandada Isabel Núñez Rivera. Muchas otras personas fueron hechas partes en este pleito, pero como Isabel Núñez Rivera está en posesión de la finca en litigio alegando ser dueña de la misma, y como se ha alegado que

es ella la persona que está en posesión de la finca que reclaman los demandantes, no es necesario que tomemos en consideración a los demás demandados.

Gonzalo Núñez Rivera y Matilde Núñez Aguayo son los demandantes en este pleito, siendo cada uno de los mismos herederos de Juan Basilio Núñez y Urquizu, aunque son hijos de distintas madres. Su padre estuvo casado dos veces. Desde el año 1842 al 1863 el expresado Juan Basilio Núñez estuvo en posesión de la finca "Isleta," compuesta de 430 cuerdas con el consentimiento de Francisco Stewart, que era el verdadero dueño, quien en octubre 8 de 1863 vendió la finca al mencionado padre de los demandantes. De esta finca Juan Basilio Núñez vendió a otras personas dos parcelas de terreno compuestas de 88 y 135 cuerdas, respectivamente. Falleció bajo testamento en Jersey City, New Jersey, en abril de 1892, instituyendo como sus únicos herederos a las personas que naturalmente tenían derecho a su herencia, o sea a los hijos de ambos matrimonios, y a su segunda esposa. Isabel Núñez Rivera era una de las hijas de Juan Basilio Núñez tenida en su primera esposa.

Estos hechos aparecen expresados en substancia en los trece primeros párrafos de la demanda. Los demás párrafos de la misma son como sigue:

"14. Que la demandada Isabel Núñez y Rivera adquirió de un origen enteramente distinto, o sea, de un tal Manuel Saturnino Rivero, que carecía en absoluto de título de propiedad y que no hubo ni derivó su derecho del de legítima propiedad de Juan Basilio Núñez y Urquizu, la finca 'Isleta' reclamada ahora.   Y añaden vuestros peticionarios que, para hacerse de un título, aunque supuesto y aparente, Manuel Saturnino Rivero, absolutamente extraño a la propiedad de la citada hacienda 'Isleta,' vendió sin derecho ninguno real y efectivo de dominio ni de posesión, por precio ficticio de once pesos fuertes, a María Engracia Náter, 147 cuerdas de la susodicha hacienda 'Isleta,' por escritura de 30 de junio de 1869, traspasándolas a su vez por otra escritura de 12 de agosto de 1880 a José Dolores Infante y Santana, quien las retrovendió pocos días después por escritura de 24 de agosto de 1880 a la misma María Engracia Náter, la cual traspasó de ellas,

87 a 90 cuerdas de la propia finca, poco después, a su nieta Isabel Núñez Rivera, la demandada, por escritura de 7 de noviembre de 1881.

"15. Que la coheredera mayor, Isabel Núñez y Rivera, empezó a poseer la descrita hacienda 'Isleta,' o sea su terreno remanente en un principio compuesto de 147 cuerdas, a voz y en nombre de su legítimo padre y de su familia desde la ausencia de éste para los Estados Unidos en el año de 1885, y la ha venido poseyendo así hasta que falleció su dicho padre y causante Núñez Urquizu en New York en 1892; y que desde esta fecha la ha venido detentando con un perímetro reducido a 87 o 90 cuerdas, ilegalmente, excluyendo de su disfrute a sus hermanos y coherederos los reclamantes, sin haberles dado nunca participación alguna en ella ni en sus frutos; de cuya porción de 147 cuerdas de la citada hacienda 'Isleta,' retenida por María Engracia Náter e Isabel Núñez Rivera, aparece inscrita a favor de esta última en el registro de la propiedad, el siguiente lote de terreno:

"'1. Rústica. Terreno que es parte segregada de otra mayor cuya descripción es la siguiente: situado en el barrio de "Juan Sánchez," sitio "Isleta" de la jurisdicción de Bayamón. Su cabida es de ochenta y siete a noventa cuerdas poco más o menos. Colinda por el norte con la población de Bayamón, por el mediodía con Don Fernando Segundo Montilla, por el poniente con Don Cándido Cobián, por el saliente con la Sucesión de Morales y el citado Montilla. La expresada finca atraviesa de norte a sur el camino que va para Guainabo y de saliente a poniente en parte el otro camino que conduce a Río Hondo, en cuya estancia existe una casa-habitación terrera constituída de maderas y cubierta de zinc.'

"16. Que ni Juan Basilio Núñez Urquizu, ni su primera ni su segunda esposa, ni sus herederos los demandantes se han obligado ni han otorgado escritura ni traspaso de ninguna clase a favor de Manuel Saturnino de Rivero, ni de ninguno de los demandados, de todo ni de parte de la descrita hacienda 'Isleta.'

"17. Que la finca 'Isleta' objeto de esta reclamación, ha venido dando un promedio anual de producción, calculado a razón de $90 mensuales las 87 a 90 cuerdas retenidas por Isabel Núñez y Rivera, y $60 mensuales el remanente.

"18. Que el demandante Gonzalo Núñez y Rivera se ausentó de esta Isla desde su minoridad, sin conocimiento de estos antecedentes alegados, habiendo regresado a Puerto Rico a fines del año de 1909.

"19. Que Amalia Aguayo y Canales, la segunda esposa de Juan

Basilio Núñez Urquizu, falleció en Bayamón el día 26 de noviembre de 1898, sucediéndola en todos sus derechos hereditarios su única hija la peticionaria Matilde Núñez y Aguayo.

"20. Que en repetidas ocasiones, durante el mes de abril de 1890 y durante el año de 1910, y que desde 1890 hasta hoy, los demandados han reconocido tácita e implícitamente unas veces, y de una manera expresa otras, que los demandantes tienen sus participaciones hereditarias indivisas en las 147 cuerdas de terreno componentes y remanentes de la citada hacienda 'Isleta' y señaladamente en las descritas bajo el alegato 15 de esta demanda.

"21. Que los herederos de Josefa Rosenda Núñez Rivera, o sean Herminio, Isabel, Mercedes y Belén Padial Núñez figuran en esta acción como demandados por haberse negado a asociarse como partes demandantes.

"Por todo lo cual, los demandantes piden a la honorable corte se sirva en su día dictar sentencia definitiva, condenando a los demandados a proceder a la partición y división legal de dicha finca hereditaria nombrada 'Isleta,' descrita y referida en los alegatos 14 y 15 de esta demanda, juntamente con la restitución o entrega a vuestros peticionarios de las participaciones dominicales o partes que en la misma resulte corresponderles con arreglo a derecho, y su equivalente en dinero en su defecto, con más la porción de frutos correspondientes de todas clases producidos o podidos producir desde el año 1885, a justa regulación de peritos, hasta el en que se verifique el reintegro, con más las costas, costos y gastos de este litigio."

Al contestar Isabel Núñez Rivera la demanda negó las alegaciones de la misma que existían en su contra alegando dos defensas; la primera de estas defensas fué que siendo ésta una acción personal, había prescrito por virtud del artículo 1865 del Código Civil por haber transcurrido más de 15 años; y como segunda defensa la adquisición de un título por prescripción ordinaria de acuerdo con el artículo 1858 del Código Civil.

Si se examina el párrafo 14 de la demanda se verá que considerado aisladamente, en él se admite que en su origen, la adquisición de la finca fué justa y suficiente, no probándose mala fe sobre la cual pueda fundarse un título por prescripción ordinaria, por haber transcurrido el tiempo necesario para adquirir el mismo, defensa que fué alegada por la de-

mandada.   En dicho párrafo Isabel Núñez Rivera aparece
haber adquirido su título de Manuel Saturnino Rivero y últi-
mamente de su abuela María Engracia Náter.   Aunque el
párrafo 14 de la demanda alega que Manuel Saturnino Rivero
carecía absolutamente de título y que María Engracia Náter
pagó un precio ficticio por dicha finca, sin embargo, no existe
alegación ninguna en dicho párrafo de falta de buena fe por
parte de la demandada Isabel Núñez Rivera.   En verdad que
no hay alegación alguna de mala fe en contra de María Engra-
cia Náter, con excepción de que el precio de la venta que le
hizo Rivero ·era ficticio, cuya afirmación es compatible con la
existencia de una justa causa y por tanto con el hecho de
haber procedido ella de buena fe.

Como la buena fe se presume siempre, cuando un deman-
dante admite que el demandado o sus causantes tienen un
justo título y admite también que ha transcurrido el tiempo
necesario para adquirir título por prescripción, la falta de
buena fe debe ser alegada y la obligación de probarla incumbe
a dicho demandante, suponiéndose siempre que el demandado
funda su derecho en un título por prescripción.   La única
alegación de mala fe aparece en el párrafo décimoquinto de
la demanda.

Bajo los hechos alegados, el demandante hubiera quedado
obligado a probar que Isabel Núñez Rivera entró en pose-
sión de 147 cuerdas de terrenos pertenecientes a la finca ''Is-
leta'' a instancia y a nombre de su legítimo padre y su fami-
lia desde la fecha de su ausencia para los Estados Unidos,
o sea desde el año 1885 en adelante.   Los hechos presentados
en el juicio fueron bastante distintos.   Isabel Núñez Rivera
adquirió su finca en el año 1881 e inscribió sus derechos en el
registro de la propiedad.   No hubo prueba satisfactoria, si
es que alguna fué presentada, de que la demandada supiera
que su padre hubiera poseído alguna vez la finca en cuestión.
Su abuela, María Engracia Náter, vivió en la finca con com-
pleto conocimiento de Juan Basilio Núñez, que era el yerno
de la mencionada María Engracia Náter.   Según ya hemos

dicho, el hecho de que se expresara falsamente el precio de la venta no probaría la mala fe de María Engracia Náter. En una de las escrituras posteriores en la cadena de títulos de la demandada se hizo constar el hecho de la verdadera causa entre las partes, pero aun cuando la causa fuera falsa no perjudicaría a la demandada Isabel Núñez Rivera.

En el juicio se trató de demostrar que las rentas las recibía Isabel Núñez Rivera, pero la prueba sólo tendió a mostrar que Fidel Guillermety cobraba éstas y las entregaba a la hermana Josefa Núñez Rivera. No hubo prueba de que Isabel Núñez Rivera quedara al frente de la finca a nombre y a instancia de su padre o su familia.

Deberá notarse que en el párrafo 20 de la demanda se alega que los demandados reconocieron las participaciones hereditarias de los demandantes en la finca "Isleta." La única prueba tendente a mostrar tal alegación es la de que Gonzalo Núñez en el año 1890 renunció todos sus derechos en la pequeña porción hereditaria de sus padres a favor de los herederos de Josefa Rivera Núñez. Convenimos con los apelantes en que esta renuncia no era obligatoria para Gonzalo Núñez por carecer de los requisitos legales necesarios, pero en cambio la aceptación de esta renuncia por parte de los herederos de Josefa Núñez Rivera no obligaba a Isabel Núñez Rivera, y además no se hizo referencia alguna en esta renuncia a ninguna propiedad determinada.. No existe prueba de que Isabel Núñez Rivera jamás reconociera el derecho de propiedad de los demandantes o de alguno de los mismos.

La corte inferior parece ser de opinión de que Isabel Núñez Rivera probó tener un título válido sin que fuera necesario alegar la cuestión de prescripción, y nos inclinamos a creer igual cosa. La escritura de Manuel Saturnino Rivero fué otorgada en el año 1869 y este pleito se inició en 1911, habiendo, por consiguiente, transcurrido más de cuarenta años desde la fecha en que se otorgó la escritura de este traspaso por Manuel Saturnino Rivero a favor de María Engracia Náter. María Engracia Náter estaba en posesión de la finca,

alegando al parecer el dominio de la misma. La escritura que se otorgó a su favor expresaba que Manuel Saturnino Rivero adquirió la finca de Juan Basilio Núñez. Después de este lapso de tiempo la presunción está a favor de que lo consignado en la escritura era correcto y la subdivisión 33 del artículo 102 de la Ley de Evidencia expresa, que un documento o escrito de más de trienta años es auténtico cuando ha sido generalmente acatado como auténtico por personas interesadas en la cuestión y explicada satisfactoriamente su custodia. El documento en cuestión tiene más de treinta años y la posesión del mismo es de fecha anterior a la posesión de Isabel. Núñez Rivera en el año 1881. Creemos que el demandado mostró tener un buen presunto título y que dicho título no fué destruído por la prueba presentada por el demandante.

Resulta innecesario, pues, considerar la otra defensa en cuanto a la prescripción de la acción.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados. del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.